UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIA L. WYNN
as Guardian for Duane L. Wallace, a protected individual,
    and
DUANE L. WALLACE, a protected individual,

    Plaintiffs,

                                        Case No. 06-10534
-vs-                                     HON. AVERN COHN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE REGARDING ACCORD AND SATISFACTION (DOC. 37)

### I. Introduction

This is an attendant care case under Michigan's No Fault Act. The jurisdiction of the Court is based on diversity. Defendant has filed a motion styled Motion in Limine Regarding Accord and Satisfaction (doc. 37). A hearing was held March 30, 2009.

Defendant asks the Court to: "a) Order Plaintiff's previous per diem rate of pay for attendant care benefits at the rate of $264.00 through August 27, 2007, and that Plaintiff[] [has] incurred no additional expenses under the applicable statute; and b) Order that Plaintiff's claims are barred in whole or in part by principles of accord and satisfaction."

For the reasons that follow, the motion is DENIED.

## II.  Rate of Compensation

"In determining reasonable compensation for an unlicensed person who provides health care services, a fact-finder may consider the compensation paid to licensed health care professionals who provide similar services."  Bonkowski v. Allstate Ins. Co., 281 Mich. App. 154, 2008 WL 4603554, *5 (2008) (but the emphasis is on what is paid to the health care professional herself, not on what is charged by an agency with overhead).  The ultimate determination of whether a charge is reasonable is for the trier of fact.  Id. at *7.  In some cases the evidence may be sufficient for reasonable jurors to conclude that the reasonable compensation due a caregiver is substantially more than the compensation paid by defendant.  Id.

Defendant paid plaintiff $11/hour for attendant care services through August 27, 2007.  It says it should be reimbursed because plaintiff paid only $6.00/hour to one caregiver and pop and chips to another.  Plaintiff demands $40-plus/hour.

The reasonableness of a compensation rate of $11/hour, as defendant paid, or $40-plus/hour, as plaintiff demands, is a question for the jury, not a matter for a motion in limine.  Further, the value of reasonable compensation is not dependent upon the amount, if any, plaintiff may have already paid caregivers.  See, e.g., Van Marter v. Am. Fid. Fire Ins. Co., 114 Mich. App. 171, 180–81 (1982) (attendant care services of a woman to her stepson allowable under M.C.L. § 500.3107(a) with no indication that stepson had already paid anything to stepmother); Visconti v. Detroit Auto. Inter-Ins. Exch., 90 Mich. App. 477, 479–82 (1979) (attendant care services of a wife to her injured husband allowable under M.C.L. §§ 500.3107(a) and (b) with no indication that husband had already paid anything to wife).

### III.  Accord and Satisfaction

"To prove the existence of an accord and satisfaction, defendant must show (1) a good-faith dispute of (2) an unliquidated claim of the plaintiff, (3) its conditional tender of money in satisfaction of the claim, and (4) the plaintiff's acceptance of the tender (5) while fully informed of the condition."  Faith Reformed Church of Traverse City, Mich. v. Thompson, 248 Mich. App. 487, 492 (2002).

Defendant has offered no proof of any conditional tender.  Plaintiff says none of the drafts tendered by defendant stated anywhere on the check or in a letter that the payment of benefits was in full satisfaction of the amount owed.  Moreover, plaintiff has proffered copies of:

(1) a letter of representation to defendant dated January 24, 2005, stating that "any drafts tendered in an amount less than our demand will be accepted only with the understanding that it is without prejudice to our right to pursue the additional claimed amount," and

(2) a letter dated February 24, 2005, acknowledging receipt of a draft from defendant dated and advising that

> [T]his check will be accepted, as will all future checks, only with the understanding that it is without prejudice to our right to pursue the additional claimed amount, and our client will negotiate the check not in satisfaction of the period of time set forth, but only as a partial payment for monies due for the entire time period.  If your understanding differs from the above, please contact me immediately.

Defendant has failed to show elements 3, 4, and 5 for proving the existence of an accord and satisfaction.

## IV.  Conclusion

For the reasons above, the motion regarding accord and satisfaction has been denied.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2009, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160