UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIA L. WYNN
as Guardian for Duane L. Wallace, a protected individual,
    and
DUANE L. WALLACE, a protected individual,

    Plaintiffs,

                                                               Case No. 06-10534
-vs-                                              HON. AVERN COHN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO PRECLUDE MENTION OF ALLEGATIONS THAT DEFENDANT ACTED NEGLIGENTLY [ETC.] (DOC. 38)[1]

This is an attendant care case under Michigan's No Fault Act. The jurisdiction of the Court is based on diversity. Defendant has filed a motion styled Motion in Limine to Preclude Mention of Allegations that Defendant Acted Negligently or in Bad Faith in Its Claims Handling Procedures for No-Fault Benefits (doc. 38). The motion is GRANTED to the extent that plaintiff may not raise the issue of defendant's handling of claims nor make implications of bad faith. The motion is DENIED to the extent that plaintiff may explore defendant's claims handling in rebuttal.

---

[1] The Court reminds the parties that in the Sixth Circuit, a ruling on a motion in limine is advisory only. United States v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994). To preserve for appeal any issue relating to this decision, a party must raise the question at trial and obtain a final decision from the Court. See United States v. Luce, 713 F.2d 1236, 1239–40 (6th Cir. 1983).

Claims-handling evidence is relevant to the questions of whether plaintiff provided reasonable proofs of loss and whether after doing so, defendant failed to pay the claims within 30 days, which plaintiff bears the burden of proving.  Morales v. State Farm Mut. Auto. Ins. Co., 279 Mich. App. 720, ___, 761 N.W.2d 454, 461 (2008). However, it is not necessary for plaintiff to prove that defendant arbitrarily or unreasonably delayed payment of these benefits.  Fortier v. Aetna Cas. & Sur. Co., 131 Mich. App. 784, 794 (1984).  As relates to attorney fees, a finding of unreasonable refusal or delay is a question of law for the court after trial.  See Beach v. State Farm Mut. Auto. Ins. Co., 216 Mich. App. 612, 629 (1996); Joiner v. Mich. Mut. Ins. Co., 137 Mich. App. 464, 479 (1984).

If at trial defendant raises the issue of whether or when plaintiff provided reasonable proof of loss, plaintiff may then explore defendant's handling of claims, but plaintiff's counsel is cautioned that the Court will not tolerate implications of bad faith to the jury.

SO ORDERED.


Dated: March 31, 2009         s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2009, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160

2