UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIA L. WYNN, as Guardian for
DUANE L. WALLACE, a protected individual,

    Plaintiff,

-vs-

                              Case No. 06-10534
                              Hon:  AVERN COHN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

_____/

## ORDER DENYING MOTION FOR ATTORNEY FEES
## UNDER MCL § 500.3148(2)

    This is a case involving a claim for attendant care under Michigan's No Fault Act, MCL § 500.3101 *et seq.*  On April 22, 2009, a jury found:

- plaintiff sustained injuries arising out of an accident in the operation or use of a motor vehicle

- the plaintiff did not continue to suffer injuries arising from the accident

- attendant care expenses were incurred by or on behalf of the plaintiff arising out of the injuries from December 25, 2004, through February 28, 2007.

- There were no allowable expenses for attendant care owed by defendant to plaintiff for the period December 25, 2004, through February 28, 2007, exclusive of expenses already paid by the defendant.

- Reasonable proofs were not provided by plaintiff of the fact and amount of attendant care required by plaintiffs for which defendant was obligated to pay.

Now before the Court is Defendant's Motion for Attorney Fees under MCL § 500.3148(2) on the grounds that plaintiff's claim was in some respects fraudulent or so excessive as to have no reasonable foundation to the extent that personal protection insurance benefits were due plaintiff because of the loss resulting from plaintiff's injuries, citing MCL § 500.3148(2).

The motion is DENIED.

Failure of proofs at trial sufficient to persuade a jury of liability is not the same as an absence of proofs. Between February 07, 2006, the date this case was removed to federal court, and April 22, 2009, the date of the jury verdict, the docket reflects over 100 entries. Twice summary judgment was denied defendant. Considering the totality of the circumstances, it cannot be said that plaintiff's claim for attendant care expenses was fraudulent or excessive. See *Shures v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 187689 (E.D. Mich. 2009), and *Beach v. State Farm Mut. Auto. Ins. Co.*, 216 Mich. App. 612, 626–28 (1996).

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: June 8, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 8, 2009, by electronic and/or ordinary mail.

    s/LaShawn R. Saulsberry
    Case Manager, (313) 234-5160